United States District Court
Southern District of Texas
**ENTERED**
May 26, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DESRI JONES, ET AL., | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:24-cv-2105 |
| | § | |
| MEMORIAL HERMANN HEALTH | § | |
| SYSTEM, ET AL., | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

This is a class action case brought against Defendants pursuant to §§ 409 and 502 of the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1109 and 1132 (ERISA).  ECF 42.  Before the Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint.[1]  ECF 43.  The Court recommends that the Motion to Dismiss be DENIED.

### I.    Background

Plaintiffs are members of a putative class of participants in the Memorial Hermann Health System 403(b) Employees' Retirement Savings Plan (Plan) from June 4, 2018, through the date of judgment (Class Period).  ECF 42 6-8 and n.2. The named Defendants are Plan fiduciaries Memorial Hermann Health System

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 36.

(MHHS), the Board of Directors of MHHS, and the MHHS Benefits Committee.[2] *Id*. at 9-10.  Plaintiffs initiated this case on June 4, 2024 and filed their Second Amended Complaint on September 29, 2025, with leave of Court granted at the time the Court denied Defendants' first Motion to Dismiss.  ECF 38; ECF 42. Plaintiffs' Second Amended Complaint asserts a cause of action against the Committee for breach of the fiduciary duty of prudence due to the inclusion of an underperforming fund in the 403(b) Plan and excessive recordkeeping fees.  *See* ECF 42.  Plaintiffs' Second Amended Complaint also asserts a derivative claim against MHHS and the Board for breach of their duty to monitor the Committee. *Id.*  Defendants' Second Motion to Dismiss is fully briefed and ripe for determination.  ECF 43-46.

## II.    Legal Standards

### A. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[2] The Second Amended Complaint also lists as John Doe Defendants "additional officers, employees, and/or contractors of MHHS who are/were fiduciaries of the Plan during the Class Period or were hired as an investment manager for the Plan during the Class Period, the identities of whom are currently unknown to Plaintiffs."  ECF 42 at 11.  To date, no John Doe defendants have been identified.

that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).   In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the presumption of truth to conclusory statements or legal conclusions.   *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto when ruling on a Rule 12(b)(6) motion.   If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment.   *See* FED. R. CIV. PRO. 12(d).   However, under Rule 12(b)(6) the court may take judicial notice of public documents and may also consider documents a defendant attaches to the motion to dismiss if the documents are referenced in the complaint and central to plaintiffs' claims.   *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

### B. ERISA Duty of Prudence

ERISA imposes liability for fiduciaries' breach of their duties to plan

participants.  29 U.S.C. § 1109(a).  To state a claim for breach of fiduciary duty under ERISA, "Plaintiffs must allege, or set forth facts from which the court can reasonably infer, that: (1) the Plan is governed by ERISA; (2) Defendants were fiduciaries of the Plan; and (3) Defendants breached their fiduciary duties under ERISA; and (4) participants of the Plan suffered losses as a result of such breach." *Seidner v. Kimberly-Clark Corp.*, No. 3:21-CV-867-L, 2023 WL 2728714, at *6 (N.D. Tex. Mar. 30, 2023) (citing 29 U.S.C. § 1109(a)).

The scope of ERISA fiduciary duties is "derived from the common law of trusts."  *Tibble v. Edison Int'l*, 575 U.S. 523, 528 (2015).  The Fifth Circuit recognizes claims for breach of the fiduciary duty of prudence based on failure "to properly monitor investments and remove imprudent ones" and failure "to monitor and mitigate the Plan's recordkeeping costs." *Perkins v. United Surgical Partners Int'l, Inc.*, No. 23-10375, 2024 WL 1574342, at *2 (5th Cir. Apr. 11, 2024) (citing *Tibble*, 575 U.S. at 528–29).

To properly plead a breach of the duty of prudence, plaintiffs must plead factual allegations that raise a plausible inference that a fiduciary's process was flawed.  *See Perkins v. United Surgical Partners Int'l, Inc.*, No. 23-10375, 2024 WL 1574342, at *2 (5th Cir. Apr. 11, 2024) (confirming that the "well-settled pleading standards articulated in" *Iqbal* and *Twombly* "apply to duty of prudence claims brought under ERISA," citing *Hughes v. Nw. Univ.*, 595 U.S. 170, 177 (2022));

4

*Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 728 (5th Cir. 2018) (recognizing that "ERISA plaintiffs should not be held to an excessively burdensome pleading standard that requires them to identify particular plan provisions in ERISA contexts when it may be extremely difficult for them to access such plan provision," and stating that to survive a Rule 12(b)(6) motion an ERISA plaintiff must state a plausible claim as required by *Twombly*).

### III.    Analysis

Plaintiffs allege that Defendants violated their duties of prudence and monitoring by maintaining in the Plan an underperforming investment, the J.P. Morgan R6 Targeted Date Fund (R6 TDF), and by incurring excessive recordkeeping fees.  As in the first Motion to Dismiss, Defendants argue that Plaintiffs fail to state a plausible claim for relief because they fail to identify comparator funds that establish relevant performance benchmarks and fail to identify comparators for fees that supply similar recordkeeping services for similar funds. *See* ECF 43.   Because Plaintiffs' failure to monitor claims are derivative, they stand or fall with the breach of duty of prudence claims.

### A. Breach of Duty of Prudence Based on the J.P. Morgan R6 TDF

The Court previously held, following *Laliberte v. Quanta Servs., Inc.*, No. 4:22-CV-03290, 2023 WL 12047212, at *3 (S.D. Tex. Sept. 29, 2023) (J. Bennett) and *Blackmon v. Zachary Holdings, Inc.*, No. 5:20-CV-988-DAE, 2021 WL

2190907, at *5 (W.D. Tex. Apr. 22, 2021) (J. Ezra), that "determination of the appropriate benchmark for a fund is not properly resolved at the motion to dismiss stage."   ECF 38 at 6-8.   The Court specifically noted that "[t]his case is best resolved on the merits after a period of discovery and further dispositive motions or a bench trial."   *Id.* at 8.   In the same Memorandum and Recommendation, the Court granted Plaintiffs leave to file the proposed Second Amended Complaint that was attached to their Motion to Dismiss Response.   *Id.*; ECF 33-1.   The purpose of the amendment was to eliminate Plaintiffs' claim for excessive investment fees and to "cure[] the FAC's charts without adding allegations that potentially provide reasons for denying leave to amend."   ECF 33 at 19.   The Court held that Defendants would not be prejudiced by permitting Plaintiffs to file their proposed Second Amended Complaint because "Defendants will be permitted to raise all their arguments challenging the Second Amended Complaint, legal and factual, in a subsequent Rule 52 or Rule 56 motion."   ECF 38 at 9.   The Court did not contemplate the filing of a second Rule 12(b)(6) motion to dismiss.

In the Motion to Dismiss currently before the Court, "Defendants reassert certain arguments to ensure they are preserved for appeal with respect to the SAC. Defendants also assert new grounds for dismissal based on the changed allegations in the SAC."   ECF 43 at 1, n.1.   Defendants' Motion does not distinguish between old and purportedly new grounds for dismissal.   In their Reply, Defendants contend

that "Defendants never had the opportunity to challenge the new allegations contained in the SAC regarding the performance of funds actually in the Plan." ECF 45 at 1.   Defendants' contention is disingenuous because the Second Amended Complaint was attached to Plaintiffs' prior Motion to Dismiss Response (ECF 33-1) and Defendants had the opportunity to address it in their Reply.   Instead, Defendants argued they "would be profoundly disadvantaged if required to address the deficiencies in the Opposition and the [Proposed]SAC within the 5 pages permitted on reply."   ECF 35 at 1 n. 1.   Nonetheless, Defendants represented at that time that "as Defendants showed in their original motion to dismiss, the JP Morgan R6 TDF data in the original complaint showed that funds *outperformed* comparators.   *Id.* at n.3 (emphasis in original).   Defendants make the same argument in the instant Motion.   ECF 43 at 13.   Further, the Court already ruled that the Defendants would not be prejudiced, must less "profoundly" so, by the amendment because Defendants could raise their arguments in a future Rule 52 or Rule 56 motion.

After the close of briefing on the instant Motion, Defendants submitted *del Bosque v. Coca-Cola Sw. Beverages LLC*, No. 3:25-CV-01270-X, 2025 WL 3171326, at *1 (N.D. Tex. Nov. 13, 2025) as supplemental authority in support of dismissal.   In contrast to *Laliberte* and *Blackmon*, the district court in *del Bosque* concluded that, despite naming four comparator funds with similar investment

strategies as the JPMorgan TDF account, plaintiffs did not state a plausible claim for relief because the comparator funds were all actively managed while the JPMorgan TDF accounts are a blend of passive and active management.   ECF 46-1 at 7.   Here, Defendants argue that the comparator funds have different investment strategies because the comparators are not "glide through" to retirement funds."   ECF 43 at 10-11.   Defendants do not address whether the comparator funds have active or passive forms of management.   *Id.*   However, even if not a material distinction, *del Bosque* at best indicates a split among district courts regarding the burden on plaintiffs to plead a meaningful benchmark.   Judge Bennett recognized this split in *Laliberte*. 2023 WL 12047212, at *2 (recognizing "the Court's sister courts that have addressed this issue are split on the matter. *Compare Blackmon*, 2021 WL 2190907 (denying the defendants' motion to dismiss), with *Locascio*, 2023 WL 320000 (granting defendants' motions to dismiss)."   Recognizing the split, Judge Bennett sided with *Blackmon*.   To date, the Fifth Circuit has not resolved the issue.   *See Anderson v. Sw. Airlines Co.*, No. 3:25-CV-0214-S, 2026 WL 820860, at *3 (N.D. Tex. Mar. 25, 2026) (acknowledging that "[a]lthough some courts of appeals have established a meaningful benchmark requirement, neither the Supreme Court nor the Fifth Circuit has done so.   Within the Fifth Circuit, district courts have split on whether to apply the meaningful benchmark requirement at the pleadings stage.").

Further, Defendants fail to recognize that the *del Bosque* court did not dismiss

8

the case with prejudice but granted the plaintiffs leave to file an amended complaint. 2025 WL 3171326, at *5.   After the filing of the amended complaint, but before Defendant filed a second Motion to Dismiss on January 23, 2026, the Supreme Court granted cert in the Ninth Circuit case *Anderson v. Intel Corp. Inv. Pol'y Comm.*, 137 F.4th 1015, 1019 (9th Cir. 2025), *cert. granted sub nom. Anderson v. Intel Corp. Inv.*, 223 L. Ed. 2d 553 (Jan. 16, 2026).   The Ninth Circuit held in *Anderson* that plaintiff failed to state a plausible claim because he did not identify a "meaningful benchmark" from which a court could infer imprudence based on an underperforming fund or excessive fees.   137 F.4th at 1022-23.   The *del Bosque* court denied Defendant's second Motion to Dismiss without prejudice to refiling after the Supreme Court's ruling in *Anderson* but denied Defendant's motion to stay and administratively close the case.   *Bosque v. Coca-Cola Sw. Beverages LLC*, No. 3:25-CV-01270-X, ECF 39, ECF 42.   Defendant then filed an Answer to the Amended Complaint.   *Id.* ECF 43.

At this time, there has been no material changes in the law or facts to justify reconsideration of the Court's prior ruling.   If the Supreme Court issues a ruling in *Anderson* before further dispositive motions are resolved, the Court may reconsider this ruling at that time.

**B. Breach of Duty of Prudence Based on Excessive RKA Fees**

As to fees, no substantive difference exists between the First and Second Amended Complaints.   Thus, the Court has already rejected Defendants' arguments at the pleading stage.   ECF 38.   Plaintiffs allege details, without the benefit of discovery, regarding the way recordkeeping fees for large plans generally work. *See* ECF 42 ¶¶119-41.   Specifically, Plaintiffs allege that "[t]here are essential recording keeping services provided by all national recordkeepers for large plans with substantial bargaining powers (like the Plan)," and list 10 specific services.   *Id.* ¶121.   Plaintiffs further allege that recordkeepers offer these services to large plans for one inclusive price regardless of the services actually chosen by the plan.   *Id.* ¶ 122-23.   Plaintiffs attached a sample Fidelity recordkeeping agreement illustrating typical services offered.   *Id*. ¶ 124.   In addition, Plaintiffs plead that "most of the cost of recordkeeping and administration of a 403(b) and 401(k) plan is directly linked to the number of participant accounts within the plan rather than the amount of assets in a participant's account" and [a]ccordingly, plans with large numbers of participants can take advantage of economies of scale by negotiating a lower per-participant recordkeeping fee."   *Id.* ¶ 126.   Plaintiffs emphasize that ***"[b]ecause recordkeeping expenses are driven by the number of participants in a plan, the vast majority of plans are charged on a per-participant basis."*** *Id.* ¶ 128 (emphasis in original).   Yet, according to Plaintiffs, Fidelity unreasonably charged

the same fees for the 403(b) Plan as the much smaller 401(k) plan, and Defendants failed to obtain a discount due to the servicing of the two plans together.  *Id.* ¶¶ 133-36.  In *Perkins v. United Surgical Partners Int'l, Inc.*, No. 23-10375, 2024 WL 1574342, at *5 (5th Cir. Apr. 11, 2024), the Fifth Circuit concluded that the plaintiffs allegations that "as the number of participants in a plan increases, the per-participant cost for recordkeeping services decreases," and "[o]ther plans with a similar number of participants paid significantly less for recordkeeping services that are similar to those which the Plan received" were sufficient to survive dismissal.

As with the underperforming fund allegations, nothing has changed with respect to the law or the facts of this case to justify reconsideration of the Court's prior decision denying Defendant's Motion to Dismiss.  As discussed above, if the Supreme Court issues a ruling in *Anderson* before further dispositive motions are resolved, the Court may reconsider this ruling at that time.[3]

## IV.   Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Defendants' Motion to Dismiss Second Amended Complaint (ECF 43) be DENIED.

The Clerk of the Court shall send copies of the memorandum and

---

[3] Because the Court finds Plaintiffs have stated a claim for imprudence, the Court recommends that Plaintiffs' derivative failure to monitor claim also survive Defendants' Motion to Dismiss. *See Blackmon*, 2021 WL 2190907, at *7 (denying motion to dismiss failure to monitor claim where plaintiffs stated claim for imprudence).

recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

 Signed on May 26, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge