United States District Court
Southern District of Texas
ENTERED
October 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DESRI JONES, ET AL., *Plaintiffs,* | § | |
| V. | § | CIVIL ACTION NO. 4:24-cv-2105 |
| MEMORIAL HERMANN HEALTH SYSTEM, ET AL., *Defendants.* | § | |

**MEMORANDUM AND RECOMMENDATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiff's Unopposed Motion and Supporting Memorandum for Preliminary Approval of Class Action Settlement, Preliminary Certification of Class for Settlement Purposes, Approval of Form and Manner of Settlement Notice, Preliminary Approval of Plan of Allocation, and Scheduling a Date for a Fairness Hearing, filed on August 31, 2026. ECF 56. Having considered Plaintiffs' submission and the law, the Court RECOMMENDS the Motion for Preliminary Approval be GRANTED in accordance with the findings and conditions set forth below and that the District Judge conduct a Fairness Hearing for final approval on March 26, 2027 at 10:00 a.m.[1]

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 36.

## I. Background

Plaintiffs filed a Complaint on June 4, 2024 asserting claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. (“ERISA”), with respect to the Memorial Hermann Health System Employees’ Retirement Savings Plan (the “Plan”) against Defendants Memorial Hermann Health System (“MHHS”), the Board of Directors for the Memorial Hermann Health System (the “Board”), and the Memorial Hermann Health System Benefits Committee (the “Committee”) (MHHS, the Board, and the Committee, collectively, “Defendants”). ECF 1. The parties vigorously litigated this dispute, including two Motions to Dismiss and the filing of a First and then Second Amended Complaint. On June 9, 2026, the parties informed the Court they had reached a settlement and the Court entered a conditional order of dismissal. ECF 50; ECF 51. Upon the parties’ Joint Motion, the Court reinstated the case on July 21, 2026 solely for the purpose of seeking approval of the parties’ settlement agreement. ECF 52; ECF 53.

## II. Preliminary Approval

The terms of the Settlement are set out in a Settlement Agreement & Stipulation (“Settlement Agreement”) executed on August 31, 2026, which has been signed by Plaintiffs on behalf of themselves and the proposed Settlement Class and by Defendants (collectively, Plaintiffs and Defendants are referred to as the

"Parties"). ECF 56-2. Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Settlement Agreement. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all members of the "Settlement Class," which is defined below and in the Settlement Agreement.

**Class Findings.**

The Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Local Rules of Civil Procedure for the Southern District of Texas, and any other applicable law have been met as to the Settlement Class, in that:

(a) the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b) Based on allegations in Plaintiffs' Second Amended Class Action Complaint (the "Complaint"), the Court preliminarily finds that there are one or more questions of fact and/or law common to members of the Settlement Class.

(c) Based on allegations in the Complaint, the Court preliminarily finds that the claims of Plaintiffs are typical of the claims of the Settlement Class.

(d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there are no significant conflicts between or among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting ERISA class actions of this type.

(e) The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

**Class Certification.**

Based on the findings set out above, the Court recommends certification of the following Settlement Class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1):

> All persons who were participants in or beneficiaries of the Memorial Hermann Health System Employees' Retirement Savings Plan at any time between June 4, 2018 and the date upon which the Preliminary Approval Order is entered.

The "Class Period" shall be defined as June 4, 2018, through the date of this Preliminary Approval Order. A person was a participant in or beneficiary of the Plan during the Class Period if they had an account balance in the Plan during such period.

The Court also finds that Capozzi Adler, P.C., will continue to represent fairly and adequately the interests of the Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2) the Court preliminarily designates Capozzi Adler, P.C. as class counsel ("Class Counsel") with respect to the Settlement Class.

As indicated above, the Court finds that Plaintiffs are adequate and typical class representatives for the Settlement Class and, therefore, hereby appoints

Plaintiffs Desri Jones, Janet Fleming, Sanda Moody, and Tiffani Benoit as the representatives of the Settlement Class.

The Court having determined preliminarily that this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), members of the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

**Preliminary Approval of Settlement.**

The Court preliminarily finds that:

(a) the proposed Settlement resulted from arm's-length negotiations;
(b) the Settlement Agreement was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims;
(c) the Parties engaged in extensive arm's-length negotiations and discussion regarding fiduciary management of the Plan to analyze for settlement evaluation purposes;
(d) there is a genuine controversy between the Parties involving Defendants' compliance with the fiduciary requirements of ERISA;
(e) the Settlement appears on its face to be fair, reasonable, and adequate; and
(f) the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

Therefore, the Court finds that preliminary approval of the Settlement Agreement is warranted and recommends that preliminary approval be granted.

**Fairness Hearing.**

The District Judge will conduct a hearing (the "Fairness Hearing") pursuant

to Fed. R. Civ. P. 23(e) on March 26, 2027, or another date to be set by the Court that is more than 120 days from entry of an Order adopting this Memorandum and Recommendation recommending preliminary approval, in Courtroom 9A of the U.S. District Court, Bob Casey United States Federal Courthouse, 515 Rusk, Houston, Texas, 77002, to determine finally, among other things:

(a) Whether the Settlement should be approved as fair, reasonable, and adequate;

(b) Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court;

(c) Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement and exhibits thereto;

(d) Whether the Final Approval Order attached to the Settlement Agreement should be entered and whether the Releasees should be released of and from the Released Claims, as provided in the Settlement Agreement;

(e) Whether the notice and notice methodology implemented pursuant to the Settlement Agreement (i) were reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(f) Whether Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the Settlement Agreement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

(g) Whether the proposed Plan of Allocation of the Net Settlement

Amount is fair, reasonable, and adequate and should be approved by the Court;

(h) Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plan and the Settlement Class, whether Plaintiffs have acted independently, whether Plaintiffs' interests are identical to the interests of the Plan and the Settlement Class, and whether the negotiations and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class does not constitute "prohibited transactions" as defined by ERISA §§ 406(a) and/or (b), whether the Settlement qualifies for a class exemption from the prohibited transaction rules, including Prohibited Transaction Exemption 2003-39;

(i) Whether the application for attorneys' fees and expenses to be filed by Class
Counsel should be approved;

(j) Whether case contribution awards should be awarded to Plaintiffs; and

(k) Any other issues necessary for approval of the Settlement.

**Class Notice.**

The Parties have presented to the Court a proposed Class Notice (consisting of a short-form Postcard Notice and Long Form Settlement Notice) which are appended to the Settlement Agreement as Exhibits 4 and 5. The Court finds that the form and content of the Class Notice, combined, fairly and adequately: (1) describe the terms and effect of the Settlement Agreement and Settlement; (2) give notice to the Settlement Class of the time and place of the Fairness Hearing; and (3) describe how the recipients of the Class Notice may object to approval of the Settlement. The Parties have proposed the following manner of communicating the notice to

members of the Settlement Class, and the Court finds that such proposed manner is adequate, and directs that Plaintiffs shall:

(a) By no later than 60 days before the Fairness Hearing, cause the Postcard Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be disseminated to the last known address or email address if known, of each member of the Settlement Class who can be identified by reasonable effort.

(b) By no later than 60 days before the Fairness Hearing, cause the Long Form Settlement Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be electronically published on a website maintained by the Settlement Administrator.

At or before the Fairness Hearing, Class Counsel shall file with the Court proof of timely compliance with the foregoing mailing and publication requirements.

**Objections to Settlement.**

"Objector" shall mean any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed case contribution awards, or to the proposed award of attorney fees and expenses. Any Objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. The Objector may be subject to being deposed by the Parties. Any objection must be signed by the objecting Settlement Class member. The address for filing objections with the Court is:

| |
|---|
| **COURT CLERK**<br>Clerk<br>U.S. District Court<br>Bob Casey United States Federal Courthouse, Room 9110<br>Houston, Texas 77022 |

The Objector, or, if represented by counsel, his, her, or its counsel, must file the objection with the Court at the address above at least fourteen (14) calendar days prior to the Fairness Hearing, or by no later than March 12, 2027 if the Fairness Hearing remains set on March 26, 2027. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement and any untimely objection shall be barred.

**Appearance at Fairness Hearing.**

An Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must file a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the

Objector's attorney) with the Court at the address above at least fourteen (14) calendar days prior to the Fairness Hearing, or by March 12, 2027 if the Fairness Hearing remains set on March 26, 2027. Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

**Response to Objectors.**

The Parties shall respond to any Objector at least seven (7) calendar days prior to the Fairness Hearing, or by March 19, 2027 if the Fairness Hearing remains set on March 26, 2027.

**Compliance with Class Action Fairness Act.**

Defendants shall, on or before ten (10) calendar days prior to the Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715 and paragraph 2 of the Stipulation.

**Notice Expenses.**

Reasonable expenses of effectuating Class Notice shall be paid out of the Qualified Settlement Fund.

**Fees and Expenses Incurred by the Independent Fiduciary.**

The Court understands that the Plan's fiduciaries have retained or will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan. The Independent

Fiduciary fees shall be borne by and paid by the Qualified Settlement Fund.

**Application for Attorneys' Fees.**

Any application by Class Counsel for attorneys' fees and reimbursement of expenses, for a case contribution award to the Plaintiffs, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least forty-five (45) calendar days prior to the Fairness Hearing.

**Motion for Final Approval of Settlement and Plan of Allocation.**

Class Counsel shall file with the Court a motion for entry of the Final Approval Order at least forty-five (45) calendar days prior to the Fairness Hearing.

**Injunction.**

Pending final determination of whether the Settlement should be approved, the Court recommends that all members of the Settlement Class and the Plan be **BARRED AND ENJOINED** from instituting or prosecuting any action that asserts any Released Claim against any Released Party.

**Termination of Settlement.**

If the Settlement is terminated in accordance with the Settlement Agreement or does not become Final under the terms of the Settlement Agreement for any other reason, this Order and all class findings shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

**Use of Order.**

In the event this Order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**Continuance of Hearing.**

The Court reserves the right to continue the Fairness Hearing without further written notice.

## III. Conclusion and Recommendation

As set forth above, the Court RECOMMENDS that Plaintiff's Unopposed Motion and Supporting Memorandum for Preliminary Approval of Class Action Settlement, Preliminary Certification of Class for Settlement Purposes, Approval of Form and Manner of Settlement Notice, Preliminary Approval of Plan of Allocation, and Scheduling a Date for a Fairness Hearing (ECF 56) be GRANTED and a Fairness Hearing be set for March 26, 2027.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file

written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 13, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge